IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br><br>LAWANDA M. FREEMAN,<br><br>    Debtor. | )<br>)<br>)<br>)<br>)<br>) | **CHAPTER 13**<br><br>**CASE NO. 22-00619-DSC13** |
| LAWANDA M. FREEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>LVNV FUNDING LLC and RESURGENT<br>CAPITAL SERVICES L.P.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ADVERSARY PROCEEDING NO.**<br><br>**22-00042-DSC** |

## DEFENDANTS LVNV FUNDING LLC AND RESURGENT CAPITAL SERVICES L.P.'S EVIDENTIARY SUBMISSION IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

**COME NOW** movants LVNV Funding LLC ("LVNV") and Resurgent Capital Services

L.P. (individually, "Resurgent Capital" and together with LVNV, the "Defendants") and hereby

submit this Evidentiary Submission in support of the Defendants' Motion for Summary

Judgment filed contemporaneously herewith. Attached hereto are the following:

EXHIBIT A:    Order Dismissing Prior Bankruptcy [Doc. No. 39]

EXHIBIT B:    Transcript of November 2, 2022 Hearing

EXHIBIT C:    Defendants' Requests for Admission

EXHIBIT D:    Debtor's Response to Requests for Admission

EXHIBIT E:    Defendants' Requests for Production of Documents

EXHIBIT F:    Defendants' Discovery Deficiency Letter to Debtor

/s/ James H. Haithcock III

James H. Haithcock III
Hanna Lahr

*Attorneys for Resurgent Capital Services*
*L.P. & LVNV Funding LLC*

**OF COUNSEL**:
BURR & FORMAN LLP
420 20th Street North, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: jhaithcock@burr.com
       hlahr@burr.com

**<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that I have served a copy of the foregoing document on the parties listed below by Notice of Electronic Filing on this the 21st day of April, 2023:

Michael J. Antonio, Jr.                Bradford W. Caraway
Greystone Legal Clinic                Chapter 13 Standing Trustee
1004 50th Street North                Post Office Box 10848
Birmingham, AL 35212              Birmingham, AL 35202-0848
Greystone_Legal@Yahoo.Com     ctmail@ch13bham.com

<u>/s/  James H. Haithcock III</u>
OF COUNSEL

50695824 v1

3

# EXHIBIT A

## Order Dismissing Prior Bankruptcy

50695824 v1

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

**In re:**
Lawanda M Freeman
**SSN:** xxx−xx−1659

**Case No.** 18−01970−DSC13
**Chapter** 13

      **Debtor(s)**

## ORDER DISMISSING CASE

    This matter came before the Court on **03/08/2022** for a hearing on the **Trustee's Motion to Dismiss Case.** The Court considered the Trustee's Motion to Dismiss Case, and it appears to the Court that said Motion is due to be **GRANTED**.

    It is therefore **ORDERED, ADJUDGED, and DECREED** that:

The **Trustee's Motion to Dismiss Case** is **GRANTED** and this case is **DISMISSED.**

Dated:  March 9, 2022

                              /s/ D. Sims Crawford
                              United States Bankruptcy Judge

jlp

# <u>EXHIBIT B</u>

## Transcript of November 2, 2022 Hearing

50695824 v1

1     UNITED STATES BANKRUPTCY COURT

    FOR THE NORTHERN DISTRICT OF ALABAMA

2

             )

3 In the Matter of:     )

             ) Case No. 22-00619-DSC13

4 LAWANDA M. FREEMAN,    )

             )

5    Debtor.      )

 _____ )

6 LAWANDA M. FREEMAN,    ) Adv. Proc. 22-00042

             )

7   Debtor,      )

 v.            )

8             )

 LVNV FUNDING LLC,     )

9             )

    Respondent.    )

10 _____ )

11   AMENDED TRANSCRIPT OF 78 MOTION TO SUBSTITUTE ATTORNEY OF

 RECORD FILED BY RESPONDENT LVNV FUNDING LLC (BECKETT, AMANDA)

12     BEFORE THE HONORABLE D. SIMS CRAWFORD

     WEDNESDAY, NOVEMBER 2, 2022; 9:48 A.M.

13       BIRMINGHAM, ALABAMA

14 FOR THE DEBTOR:

    Greystone Legal Clinic

15    By:  Michael J. Antonio, Jr., Esq.

    1004 50th Street North

16    Birmingham, AL 35212

17 FOR THE RESPONDENT:

    Burr & Forman LLP

18    By:  James H. Haithcock, III, Esq.

    420 North 20th Street

19    Suite 3400

    Birmingham, AL 35203

20

 Also Present:   LAWANDA M. FREEMAN

21

   Proceedings electronically recorded; transcript produced

22 by transcription service.

23       eScribers, LLC

    7227 North 16th Street Suite 207

24     Phoenix, AZ 85020

     (973) 954-5619

25    operations@escribers.net

eScribers
www.escribers.net | 800-257-0885

Lawanda M. Freeman

| 1 | P R O C E E D I N G S |
|---|---|

THE COURT: (Audio begins midsentence) -- -19, and
Freeman v. LVNV Funding, 22-42.

Good morning, Mr. Antonio. I take it you're here for
the debtor?

MR. ANTONIO: Yes, sir.

THE COURT: And is Ms. Freeman with you?

MS. FREEMAN: Yes.

THE COURT: Good morning, Ms. Freeman.

Mr. Haithcock, you're here on behalf of LVNV?

MR. HAITHCOCK: That's correct, Your Honor, and
Resurgent Capital Services.

THE COURT: Okay. Let's take up first the motion to
compel. I've read everything that both of you have filed.

Mr. Antonio, let me hear from you first on anything in
addition to the motion to compel that you've already filed and
the responses and the replies thereto.

MR. ANTONIO: Yeah, they've responded to it, and we've
gotten into arguments --

THE COURT: Okay.

MR. ANTONIO: -- so --

THE COURT: Anything from you regarding the motion to
compel?

MR. HAITHCOCK: No, Your Honor.

THE COURT: Other than what you've already filed?

Lawanda M. Freeman

1          MR. HAITHCOCK:  And I would say, Your Honor, we

2    weren't original counsel.  We filed a motion for substitution.

3    So those motions aren't ours.  We were just stepping in the

4    shoes of, I think, Rubin and Lublin (ph.).

5          THE COURT:  Okay.

6          MR. HAITHCOCK:  Just so it's clear on the record.

7          THE COURT:  Thank you.

8          MR. HAITHCOCK:  But nothing to add.

9          THE COURT:  I saw that.  I didn't mention it.

10          MR. HAITHCOCK:  I was hoping to get it in a little

11    earlier than this morning, so I apologize for that.

12          THE COURT:  Understood.  Okay.  So as to the motion to

13    compel, I'll simply enter an order that denies the motion to

14    compel based on the information provided.

15          Let's take up now the objections.  There are a number

16    of objections to claim.  Again, I've read everything, Mr.

17    Antonio, that Ms. Freeman has offered through you as her

18    counsel.  I've read the responses as well.

19          So let me ask first from Mr. Antonio, since you have

20    the movant, what else you have in addition to all the written

21    responses and support for the objections.  Anything else you

22    want me to consider in deciding your client's objections to

23    claims?

24          MR. ANTONIO:  Your Honor, the only thing is, is that

25    we also have an adversarial proceeding pending regarding the

Lawanda M. Freeman

1  same matter.

2       THE COURT:  I saw that.  That's set on a status

3  conference.  Let me take that up next.  I mean, I see you're

4  asking for attorney fees because of a delay in receiving the

5  documents.  But let me hear from you on these objections to

6  claims, and I'll deal with the AP after that.

7       Let me hear from you first on if there's anything else

8  that Ms. Freeman wants me to consider regarding all the claim

9  objections.

10      MR. ANTONIO:  No, Your Honor.

11      THE COURT:  Okay.  And Mr. Haithcock, anything in your

12  response in addition to what you've already --

13      MR. HAITHCOCK:  The only thing I would say, Your

14  Honor, is it looks like we're down to one issue, and we're kind

15  of duplicating it a little bit between the objections and the

16  AP.  If we could just consolidate it, I think it would be great

17  for everyone so that we're not wasting judicial resources or

18  anything like that.

19      As far as we've incorporated everything we've put in

20  the pleadings.  We believe those proofs of claim comply with

21  the Rule 3001.

22      I think we're down to whether or not we broke down

23  interest and fees that were in the proofs of claim.  I would

24  say that claim 2 doesn't have any interests and fees, and

25  claims 11, 12, 13, 14, 15, and 16 only have interests that are

Lawanda M. Freeman

1    classified, admittedly, under finance balance.  But we would

2    say there's no confusion there.  It's the only thing that's in

3    there.

4         But to try to clarify all this hopefully, given the

5    amount that's at stake, and in my hope to just streamline

6    everything, my client's given me authority just to waive all of

7    it.  Any finance balances that are on any of those proofs of

8    claims, with the Court's leave, we'll file amendments that just

9    reduce everything down to principal to try to take that out.

10   And then we would just be left with the adversary proceeding

11   and any damages that they believe are still existent after that

12   change.

13        THE COURT:  Mr. Antonio, I don't know if you've

14   already -- if you've received that offer previously or if you

15   need an opportunity to discuss that with Ms. Freeman?

16        MR. ANTONIO:  Yeah, I think I would need an

17   opportunity to discuss that, Your Honor.  That is part and

18   parcel cause of our adversarial proceeding, but there are other

19   bases that are also included.

20        We fairly laid out what our adversarial proceeding is

21   based on.  Some of these claims were not actually owned by LVNV

22   at the time claimed in the filing, that Resurgent didn't

23   have --

24        THE COURT:  Well, let me do this, Mr. Antonio.  I've

25   got some other matters to look at today.



www.escribers.net | 800-257-0885

Lawanda M. Freeman

1    MR. ANTONIO:  Yes, sir.

2    THE COURT:  Given the offer that Mr. Haithcock just

3  made on behalf of LVNV and Resurgent and Synchrony Bank, why

4  don't you talk with Ms. Freeman.  We've got a great opportunity

5  here today to see if, with two competent counsel on either side

6  of this case, see if you can get it settled.

7    Mr. Haithcock, I realize that a big part of Mr.

8  Antonio's complaint is attorney fees.  Why don't you counselors

9  talk, see if you can resolve this one, before everybody,

10  including me, spends a lot of time on this case.  See if you

11  can come to a resolution.

12    I'll toll the case.  We've got Ms. Freeman here.  If

13  you can -- if you can reach a settlement, great.  I'll call the

14  case back in a minute -- in a minute.  If not, then I'll hear

15  from both of you on where we go from here with the case.  But

16  see if you can't come up with something.  Okay.

17    MR. HAITHCOCK:  All right.  Thank you, Your Honor.

18    THE COURT:  Thank you.  I'll come back to it.

19    (Proceedings concluded at 9:54 AM)

20

21

22

23

24

25

1                          I N D E X

2

3

4   RULINGS:                                    PAGE   LINE

5   Motion to compel is denied                    3      14

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

escribers

www.escribers.net | 800-257-0885

1

2                    C E R T I F I C A T I O N

3

4   I, River Wolfe, court-approved transcriber, certify that the

5   foregoing is a correct transcript from the official electronic

6   sound recording of the proceedings in the above-entitled

7   matter.

8

9

10

11   _____

12   RIVER WOLFE   TTA-Certified Digital Legal Transcriber   CDLT-265

13

14   eScribers

15   7227 North 16th Street, Suite #207

16   Phoenix, AZ 85020

17

18   Date:  March 21, 2023

19

20

21

22

23

24

25

# EXHIBIT C

## Defendants' Requests for Admission

50695824 v1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

IN RE: )
  )
LAWANDA M. FREEMAN, ) **CHAPTER 13**
  )
    Debtor. ) **CASE NO. 22-00619-DSC13**
  )

LAWANDA M. FREEMAN, )
  )
    Plaintiff, )
  )
v. ) **ADVERSARY PROCEEDING NO.**
  )
LVNV Funding LLC and Resurgent Capital ) **22-00042-DSC**
Services L.P., )
  )
    Defendants. )

## LVNV FUNDING LLC'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION

**COMES NOW,** LVNV Funding LLC ("LVNV"), by and through its undersigned counsel, and hereby propounds its First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission to debtor Lawanda M. Freeman, to be answered under oath within thirty (30) days and said documents produced at the office of Burr & Forman LLP, 420 North 20th Street, Suite 3400, Birmingham, Alabama 35203 within thirty (30) days from the date of this document. These Interrogatories, Requests for Production of Documents, and Requests for Admission (collectively, the "Discovery Requests") shall be deemed continuing in nature and shall be supplemented upon the receipt of new or additional information.

## DEFINITIONS

A.    Debtor, You, Yours - As used herein, "Debtor" and/or "You" and/or "Yours" shall mean Lawanda M. Freeman, as well as any and all accountants, attorneys, consultants, agents, representatives, and any and all other persons or entities acting on behalf of or at the direction of Lawanda M. Freeman.

49905194 v1

B.    LVNV - As used herein, "LVNV" shall mean LVNV Funding LLC., as well as its officers, directors, employees, parents, subsidiaries, predecessor(s) in interest, authorities, agents, servants, accountants, attorneys, consultants, representatives, and any other persons or entities acting at its request or on its behalf.

C.    Document - As used herein, "document" shall mean any tangible thing upon which information is or has been stored, recorded or communicated in your custody, control or possession, or of which you have knowledge, including without limitation, letters, correspondence, e-mails, invoices, contracts, agreements, purchase orders, leases, deeds, covenants, restrictions, permits, bank statements, court orders, receipts, letters of intent, requests for information and responses to requests for information, samples, memoranda, tapes, stenographic and handwritten notes, microfilm, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, pictures, film, graphs, statistical compilations, plans, magnetic discs, records and tapes and other media, computer cards, tapes, printouts, reports and other machine-readable records and data, sound recordings, and every draft or copy of a document which is not identical to the original or which draft or copy of a document which is not identical to the original or which draft or copy contains any commentary or notation whatsoever that does not appear on the original.

D.    Person - As used herein, "person" shall mean a natural person or an artificial person, including partnerships, corporations, proprietorships, unincorporated associations, governmental bodies or any other legally cognizable entities.

E.    Date - As used herein, "date" shall mean the exact day, month, and year, if known, or, if the exact date is not known, the best available approximation.

F.    Communication - As used herein, "communication" shall include any oral utterance made, heard or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally conveyed meaning.

G.    Identify - As used herein, "identify" when used in reference to:

(1)    A person who is an individual, shall mean to state his or her full name, present or last known residence or address (designating which), and present or last known position or business affiliation (designating which), job title, employment address, business and residential telephone numbers;

(2)    A person who is a firm, partnership, corporation, proprietorship, association, financial institution, or other organization or entity, shall mean to state its full name and present or last known address and telephone number (designating which), the legal form of such entity or organization and the identity of its chief executive officer;

(3)    An oral communication, the date, subject matter, communicator, communicatee, nature of the communication, place or places where the communication occurred, whether it was recorded or otherwise memorialized, and the identity of any witness thereto;

(4)     A document, shall mean to state the title (if any), the date, author, sender, recipient, the identity of persons signing it, type of document (i.e., a letter, memorandum, book, telegram, invoice, etc.) or some other means of identifying it (e.g., invoice number), the names of the persons known to have seen the document or to have received copies, its present location or custodian, and a description of its contents (in lieu of stating the foregoing information, you may attach a legible copy of a document to their responses hereto, specifying the particular interrogatory to which the copy is in response and identifying the present custodian of the original).

If any document which you would have identified in response to any interrogatory was but is no longer in your present possession or subject to your control or is no longer in existence, in addition to all of the above information of which you have knowledge, "identify" shall also mean to state whether any such document is or has been missing, lost, destroyed, transferred to others or otherwise disposed of, and in any such instance to set forth the surrounding circumstances in any authorization for such disposition, to state the approximate date of such disposition, and, if known, the present location and custodian of such document.

H.     State all facts - As used herein, "state all facts" means to state all facts discoverable under the Federal Rules of Civil Procedure, as made applicable by the Federal Rules of Bankruptcy Procedure, known to you or your attorneys, and to identify all persons having knowledge of such facts, identify all documents concerning or relating to such facts, and identify all communications, concerning or relating to such facts. When used in reference to an allegation of the pleadings, "state all facts" shall include all facts negating, as well as supporting the allegations.

I.     Or - As used herein, "or" shall mean and/or.

J.     Relating to - As used herein, "relating to" means and includes referring to, regarding, commenting on, connected with, bearing on, leading to, dealing with, evidencing, discussing, covering, representing or mentioning, in any way whatsoever, directly or indirectly.

K.     Complaint - As used herein, the "Complaint" shall refer to the *Complaint* [Docket No. 1] filed in Adv. Pro. No. 22-00042-DSC in the United States Bankruptcy Court for the Northern District of Alabama.

L.     Bankruptcy Case - As used herein, "Bankruptcy Case" shall refer to Case No. 22-00619 in the United States Bankruptcy Court for the Northern District of Alabama.

M.     Bankruptcy Court - As used herein, "Bankruptcy Court" shall refer to the United States Bankruptcy Court for the Northern District of Alabama.

N.     Chapter 13 Trustee - As used herein, "Chapter 13 Trustee" shall mean Bradford W. Caraway or any other trustee duly-appointed in the Bankruptcy Case.

Case 22-00042-DSC    Doc 44    Filed 04/21/23    Entered 04/21/23 15:54:36    Desc Main
Document      Page 18 of 59

## INSTRUCTIONS

A.     In the event that any information, documents or things requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing:

(1)     The type of document or thing, its general subject matter and the place and approximate date it was prepared or created;

(2)     The name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

(3)     A statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing; and

(4)     The number of each interrogatory or request for production to which the document or thing otherwise would be responsive.

B.     To the extent any information called for by these Interrogatories is unknown to you, so state, and set forth such remaining information as is known. If any estimate can reasonably be made in place of unknown information, also set forth your best estimate, clearly designated as such, in place of unknown information, and describe the basis upon which the estimate is made.

C.     If any document which you would have produced in response to any request was but is no longer in your present possession or subject to your control or is no longer in existence, please state whether any such document is:

(1)     Missing or lost;

(2)     Destroyed;

(3)     Transferred to others; or

(4)     Otherwise disposed of;

and, in any such instance, set forth the surrounding circumstances of any authorization for such disposition and state the approximate date of any such disposition, and, if known, state also the present location and custodian of such document.

Case 22-00042-DSC     Doc 44     Filed 04/21/23     Entered 04/21/23 15:54:36     Desc Main
Document          Page 19 of 59

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please state the name, address, and representative capacity, if any, of the person(s) answering these Discovery Requests, and provide the same information for any and all persons who assisted in gathering information for same.

**INTERROGATORY NO. 2:** State the name, business, and residence address, and telephone number of all persons known or believed by you, your agents, or your attorneys to have information of any kind concerning the matters and/or allegations set forth in your Complaint. For each person identified, describe in detail all facts of which each such person has or may have knowledge.

**INTERROGATORY NO. 3:** Identify each and every person from whom you or anyone acting on your behalf (including, without limitation, your attorneys, any investigator working for your attorneys, or you, or any other person) have obtained a statement or affidavit of any type (e.g., written, recorded, or otherwise) concerning any fact, matter, or event having any connection or relevance whatsoever to the claims or defenses at issue in this matter.

**INTERROGATORY NO. 4:** Identify and itemize any and all damages that you contend you have incurred from the alleged acts or omissions of LVNV, including in your answer the following: the nature of the damages (i.e., actual, emotional, or financial); the amount of damages you allege to be entitled to and the causes of those damages; the date the alleged actions occurred; the reason the damages occurred; the way the amount was calculated and any and all persons who

aided and participated in making the calculation; and all documents which support this itemization and calculation of damages.

**INTERROGATORY NO. 5:** Identify and set forth with specificity any and all investigations you performed prior to the filing of the Complaint to ensure that the allegations contained therein were accurate, including the results of any investigations.

**INTERROGATORY NO. 6:** Identify each person whom you expect to use as an expert witness in connection with the trial of this matter, and as to each such person:

      (a)     State the subject upon which each person is expected to provide assistance to the Court;

      (b)     State the substance of the facts and opinions as to which each such person is expected to provide assistance;

      (c)     Provide a summary of the grounds for each such opinion;

      (d)     Identify each judicial or administrative proceeding in which each such person has testified or is currently expected to testify;

      (e)     Identify each natural person with whom such person communicated in connection with this proceeding;

      (f)     Identify each document created by each such person in connection with this proceeding;

      (g)     Identify all materials, including without limitation, tables, charts, statistical analyses, calculations, and published materials of any nature, that such person reviewed in connection with this proceeding; and

      (h)     State a list of all publications that such person has written including the title of the work, the name of the periodical or work in which it was printed, and the date of publication.

**INTERROGATORY NO. 7:** Excluding any expert witnesses, identify each person you expect to call as a witness at the trial of this matter.

**INTERROGATORY NO. 8:** In your bankruptcy schedules filed with the Bankruptcy Court on or about March 17, 2022, you marked the following debts "Unliquidated": Claim 2.3 to Kay Jewelers; Claim 4.11 to Credit One Bank; Claim 4.12 to Credit One Bank; Claim 4.24 to Synchrony/Google; Claim 4.26 to Synchrony/Zulily; Claim 4.27 to Synchrony Bank/Amazon; Claim 4.28 to Synchrony Bank / JC Penny; Claim 4.29 to Synchrony/Lowes; and Claim 4.30 to Synchrony Bank/Sams. Please provide all factual allegations, disputes or assumptions that you are relying on to establish that each of these debts are Unliquidated.

**INTERROGATORY NO. 9:** For any debts scheduled by you where the origination was between May 10, 2018 through June 7, 2022, please describe in detail any and all steps you took to obtain permission to incur such debts from either the Bankruptcy Court and/or the Chapter 13 Trustee's office.

**INTERROGATORY NO. 10:** If any of your responses to the Requests for Admission listed below are anything other than an unqualified "Admitted," please list every fact that supports your denial or qualification to the specific Request for Admission.

### REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All documents referred to or relied upon by you in answering LVNV's Interrogatories.

**REQUEST NO. 2:** As you are seeking attorneys' fees from LVNV, a copy of all documents evidencing attorneys' fees incurred in this matter, including, but not limited to, a copy of your engagement letter with your counsel and any other documents or agreements regarding attorneys' fees related to this matter.

**REQUEST NO. 3:** All documents relating to any statements, affidavits or recordings of any conversations of any persons with knowledge of the facts of this matter.

**REQUEST NO. 4:** Any and all documents or items or tangible things which you intend to use for demonstrative purposes at the trial of this matter.

**REQUEST NO. 5:** All audio recordings relating to any communications regarding LVNV generally; any of the claims you have objected to in the Bankruptcy Case and/or in your Complaint; and/or your Bankruptcy Case.

**REQUEST NO. 6:** Copies of any and all statements, tape recordings, video tapes, depositions, or other transcripts of any person concerning the incidents which are the subject of this matter and any alleged damages resulting from those incidents.

**REQUEST NO. 7:** All documents sent or given to you by any person not a party to this matter pertaining to any of the facts made the basis of the Complaint.

**REQUEST NO. 8:** All documents relating to LVNV or any other person or entity you contend is involved in or has knowledge of the facts which are at issue in this matter.

**REQUEST NO. 9:** All documents sent by you to LVNV or any other party in connection with the claims asserted in your Complaint.

**REQUEST NO. 10:** All documents authored or prepared by you, including, but not limited to, personal notes, calendars, diaries, or memoranda, whenever prepared, relating to any allegation in your Complaint.

**REQUEST NO. 11:** Copies of any documents or tangible things which you contend are relevant to the matter in question.

**REQUEST NO. 12:** All documents relating to or supporting any of the damages you claim in this matter.

Case 22-00042-DSC    Doc 44    Filed 04/21/23    Entered 04/21/23 15:54:36    Desc Main
Document      Page 23 of 59

**REQUEST NO. 13:** All documents relating to any other actual or threatened criminal or civil action(s) involving you, if any.

**REQUEST NO. 14:** All documents regarding any and all investigations you performed prior to the filing of your Complaint to ensure that all allegations contained therein were accurate, including the results of any investigations.

**REQUEST NO. 18:** All documents which evidence any non-privileged communication, whether oral or written, between you and any person regarding the allegations in the Complaint.

**REQUEST NO. 19:** Any and all documents related to or evidencing the debt amounts owed by you as evidenced in Claims No. 2.3, 4.11, 4.12, 4.24, 4.26, 4.27, 4.28, 4.29, and 4.30 in your schedules.

**REQUEST NO. 20:** Any and all documents related to or evidencing the debt amounts owed by you as evidenced in Proofs of Claim No. 2-1, 18-1, 21-1, 20-1, 14-1, 16-1, 15-1, 11-1, 13-1, and 12-1, filed in the claims registry in your Bankruptcy Case.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Admit that you previously filed bankruptcy on May 10, 2018 at Case No. 18-01970 (the "Prior Bankruptcy") in the Bankruptcy Court.

**REQUEST NO. 2:** Admit that the Prior Bankruptcy was dismissed on March 9, 2022 for failure to make plan payments.

**REQUEST NO. 3:** Admit that Claim 2-1 does not include any fees or interest.

**REQUEST NO. 4:** Admit that Claim 2-1 was filed in your Prior Bankruptcy and was being paid thorugh the plan confirmed in your Prior Bankruptcy.

**REQUEST NO. 5:** Admit that the credit associated with Claim 2.3 in your Schedules to Genesis FS Card/Kay Jewelers was opened on August 12, 2019.

**REQUEST NO. 6:** Admit that the Prior Bankruptcy was pending at the time you opened up a credit line with Genesis FS Card/Kay Jewelers as detailed on Claim 2.3 in your schedules.

**REQUEST NO. 7:** Admit that the last four digits associated with Claim 2.3 in your schedules are 4111.

**REQUEST NO. 8:** Admit that Proof of Claim 18-1 identifies a debt originally due to Kay Jewelers and also includes the last four digits of the account as 4111.

**REQUEST NO. 9:** Admit that no other individual or entity, other than LVNV, has filed a Proof of Claim associated with Claim 2.3 in your schedules or that has an account number ending in 4111.

**REQUEST NO. 10:** Admit that you never sought permission in the Prior Bankruptcy from either the Chapter 13 Trustee or the Bankruptcy Court prior to incurring the debt evidenced by Claim 2.3 in your schedules.

**REQUEST NO. 11:** Admit that the credit associated with Claim 4.11 in your schedules was opened in May 2020.

**REQUEST NO. 12:** Admit that the Prior Bankruptcy was pending at the time you opened up a credit line with Credit One Bank as detailed on Claim 4.11 in your schedules.

**REQUEST NO. 13:** Admit that the last four digits associated with Claim 4.11 in your schedules are 1590.

**REQUEST NO. 14:** Admit that Proof of Claim 21-1 identifies a debt originally due to Credit One Bank and also includes the last four digits of the account as 1590.

Case 22-00042-DSC    Doc 44    Filed 04/21/23    Entered 04/21/23 15:54:36    Desc Main
Document      Page 25 of 59

**REQUEST NO. 15:** Admit that no other individual or entity, other than LVNV, has filed a Proof of Claim associated with Claim 4.11 in your schedules or that has an account number ending in 1590.

**REQUEST NO. 16:** Admit that you never sought permission in the Prior Bankruptcy from either the Chapter 13 Trustee or the Bankruptcy Court prior to incurring the debt evidenced by Claim 4.11 in your schedules.

**REQUEST NO. 17:** Admit that the credit associated with Claim 4.12 in your schedules was opened in August 2018.

**REQUEST NO. 18:** Admit that the Prior Bankruptcy was pending at the time you opened up a credit line with Credit One Bank as detailed on Claim 4.12 in your schedules.

**REQUEST NO. 19:** Admit that the last four digits associated with Claim 4.12 are 0623.

**REQUEST NO. 20:** Admit that Proof of Claim 20-1 identifies a debt originally due to Credit One Bank and also includes the last four digits of the account as 0623.

**REQUEST NO. 21:** Admit that no other individual or entity, other than LVNV, has filed a Proof of Claim associated with Claim 4.12 in your schedules or that has an account number ending in 0623.

**REQUEST NO. 22:** Admit that you never sought permission in the Prior Bankruptcy from either the Chapter 13 Trustee or the Bankruptcy Court prior to incurring the debt evidenced by Claim 4.12 in your schedules.

**REQUEST NO. 23:** Admit that the credit associated with Claim 4.24 in your schedules was opened in December 2020.

Case 22-00042-DSC    Doc 44    Filed 04/21/23    Entered 04/21/23 15:54:36    Desc Main
Document      Page 26 of 59

**REQUEST NO. 24:** Admit that the Prior Bankruptcy was pending at the time you opened up a credit line with Synchrony Bank/Google Store Financing as detailed on Claim 4.24 in your schedules.

**REQUEST NO. 25:** Admit that the last four digits associated with Claim 4.24 in your schedules are 1960.

**REQUEST NO. 26:** Admit that Proof of Claim 14-1 identifies a debt originally due to Synchrony Bank/Google Store Financing and also includes the last four digits of the account as 1960.

**REQUEST NO. 27:** Admit that no other individual or entity, other than LVNV, has filed a Proof of Claim associated with Claim 4.24 in your schedules or that has an account number ending in 1960.

**REQUEST NO. 28:** Admit that you never sought permission in the Prior Bankruptcy from either the Chapter 13 Trustee or the Bankruptcy Court prior to incurring the debt evidenced by Claim 4.24 in your schedules.

**REQUEST NO. 29:** Admit that the credit associated with Claim 4.26 in your schedules was opened in June of 2021.

**REQUEST NO. 30:** Admit that the Prior Bankruptcy was pending at the time you opened up a credit line with Synchrony Bank/zulily Credit Card as detailed on Claim 4.26 in your schedules.

**REQUEST NO. 31:** Admit that the last four digits associated with Claim 4.26 in your schedules are 6674.

**REQUEST NO. 32:** Admit that Proof of Claim 16-1 identifies a debt originally due to Synchrony Bank/zulily Credit Card and also includes the last four digits of the account as 6674.

**REQUEST NO. 33:** Admit that no other individual or entity, other than LVNV, has filed a Proof of Claim associated with Claim 4.26 in your schedules or that has an account number ending in 6674.

**REQUEST NO. 34:** Admit that you never sought permission in the Prior Bankruptcy from either the Chapter 13 Trustee or the Bankruptcy Court prior to incurring the debt evidenced by Claim 4.26 in your schedules.

**REQUEST NO. 35:** Admit that the credit associated with Claim 4.27 in your schedules was opened in November of 2020.

**REQUEST NO. 36:** Admit that the Prior Bankruptcy was pending at the time you opened up a credit line with Synchrony Bank/Amazon as detailed on Claim 4.27 in your schedules.

**REQUEST NO. 37:** Admit that the last four digits associated with Claim 4.27 in your schedules are 1069.

**REQUEST NO. 38:** Admit that Proof of Claim 15-1 identifies a debt originally due to Synchrony Bank/Amazon and also includes the last four digits of the account as 1069.

**REQUEST NO. 39:** Admit that no other individual or entity, other than LVNV, has filed a Proof of Claim associated with Claim 4.27 in your schedules or that has an account number ending in 1069.

**REQUEST NO. 40:** Admit that you never sought permission in the Prior Bankruptcy from either the Chapter 13 Trustee or the Bankruptcy Court prior to incurring the debt evidenced by Claim 4.27 in your schedules.

**REQUEST NO. 41:** Admit that the credit associated with Claim 4.28 in your schedules was opened in June of 2021.

**REQUEST NO. 42:** Admit that the Prior Bankruptcy was pending at the time you opened up a credit line with Synchrony Bank/JC Penney as detailed on Claim 4.28 in your schedules.

**REQUEST NO. 43:** Admit that the last four digits associated with Claim 4.28 in your schedules are 3621.

**REQUEST NO. 44:** Admit that Proof of Claim 11-1 identifies a debt originally due to Synchrony Bank/JC Penney and also includes the last four digits of the account as 3621.

**REQUEST NO. 45:** Admit that no other individual or entity, other than LVNV, has filed a Proof of Claim associated with Claim 4.28 in your schedules or that has an account number ending in 3621.

**REQUEST NO. 46:** Admit that you never sought permission in the Prior Bankruptcy from either the Chapter 13 Trustee or the Bankruptcy Court prior to incurring the debt evidenced by Claim 4.28 in your schedules.

**REQUEST NO. 47:** Admit that the credit associated with Claim 4.29 in your schedules was opened in June of 2021.

**REQUEST NO. 48:** Admit that the Prior Bankruptcy was pending at the time you opened up a credit line with Synchrony Bank/Lowes as detailed on Claim 4.29 in your schedules.

**REQUEST NO. 49:** Admit that the last four digits associated with Claim 4.29 in your schedules are 4380.

**REQUEST NO. 50:** Admit that Proof of Claim 13-1 identifies a debt originally due to Synchrony Bank/JC Penney and also includes the last four digits of the account as 4380.

**REQUEST NO. 51:** Admit that no other individual or entity, other than LVNV, has filed a Proof of Claim associated with Claim 4.29 in your schedules or that has an account number ending in 4380.

**REQUEST NO. 52:** Admit that you never sought permission in the Prior Bankruptcy from either the Chapter 13 Trustee or the Bankruptcy Court prior to incurring the debt evidenced by Claim 4.29 in your schedules.

**REQUEST NO. 53:** Admit that the credit associated with Claim 4.30 in your schedules was opened in September of 2020.

**REQUEST NO. 54:** Admit that the Prior Bankruptcy was pending at the time you opened up a credit line with Synchrony Bank/Sams as detailed on Claim 4.30 in your schedules.

**REQUEST NO. 55:** Admit that the last four digits associated with Claim 4.30 in your schedules are 8485.

**REQUEST NO. 56:** Admit that Proof of Claim 12-1 identifies a debt originally due to Synchrony Bank/Sams and also includes the last four digits of the account as 8485.

**REQUEST NO. 57:** Admit that no other individual or entity, other than LVNV, has filed a Proof of Claim associated with Claim 4.30 in your schedules or that has an account number ending in 8485.

**REQUEST NO. 58:** Admit that you never sought permission in the Prior Bankruptcy from either the Chapter 13 Trustee or the Bankruptcy Court prior to incurring the debt evidenced by Claim 4.30 in your schedules.

**REQUEST NO. 59:** Admit that Claims 4.3, 4.4, 4.6, 4.8, 4.9, 4.10, 4.13, 4.14, 4.15, 4.16, 4.17, 4.18, 4.19, 4.22, 4.23, 4.25, 4.31, 4.32, 4.33, and 4.34 listed in your schedules all represent credit that was opened while the Prior Bankruptcy was pending.

**REQUEST NO. 60:** Admit that you never requested or obtained permission from either the Chapter 13 Trustee or the Bankruptcy Court to incur the debts listed in Request No. 58 above.

**REQUEST NO. 61:** Admit that you scheduled all of your debts as "Unliquidated," except Claim 4.4 in your schedules in the amount of $315.

**REQUEST NO. 62:** Admit that you scheduled your mortgage debt as "Unliquidated" in your schedules.

James H. Haithcock III
Hanna Lahr

*Attorneys for LVNV Funding LLC*

**OF COUNSEL:**
BURR & FORMAN LLP
420 20th Street North, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: jhaithcock@burr.com
hlahr@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by FedEx and email on this the 13th day of January, 2023:

Michael J. Antonio, Jr.
GREYSTONE LEGAL CLINIC
1004 – 50th Street North
Birmingham, AL 35212
Email: Greystone_Legal@Yahoo.Com

OF COUNSEL

# EXHIBIT D

**Debtor's Response to Requests for Admission**

50695824 v1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LAWANDA FREEMAN, | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | CASE NO. 22-00619-DSC13 |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| | ) | |
| LAWANDA FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ADVERSARY PROCEEDINGS NO. |
| | ) | |
| LVNV Funding LLC and Resurgent Capital | ) | 22-00042-DSC |
| Services L.P., | ) | |
| | ) | |
| Defendents | ) | |

RESPONSE TO REQUEST FOR ADMISSION

1 Through 62 I cannot admit or deny any of these requests as in each the referenced documents speaks for itself.

And therefore must demand strick proof thereof.

I hereby Swear and Affirm under penalty of perjury that the information contained herein is true and correct to the best of my knowledge.

Dated :

LAWANDA FREEMAN

/S/ MICHAEL J ANTONIO, JR.
MICHAEL J ANTONIO, JR.
Attorney for Debtor
1004 - 50th Street North
Birmingham, AL. 35212
Phone : (205) 323-0011
(205) 591-7966

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing motion upon all parties

of interest and the Chapter 13 trustee by electronic or first class US mail postage prepaid and

properly addressed on this the _18th_ day of _February_, 2023

/s / MICHAEL J ANTONIO, JR.
OF COUNSEL

LVNV Funding LLC
c/o BURR & FORMAN LLP
420 20th Street North, Suite 3400
Birmingham, Alabama 35203

# EXHIBIT E

## Defendants' Requests for Production of Documents

50695824 v1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LAWANDA M. FREEMAN, | ) | **CHAPTER 13** |
| | ) | |
| Debtor. | ) | **CASE NO. 22-00619-DSC13** |
| | ) | |

|  |  |  |
|---|---|---|
| LAWANDA M. FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ADVERSARY PROCEEDING NO.** |
| | ) | |
| LVNV Funding LLC and Resurgent Capital | ) | **22-00042-DSC** |
| Services L.P., | ) | |
| | ) | |
| Defendants. | ) | |

## LVNV FUNDING LLC'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION

**COMES NOW,** LVNV Funding LLC ("LVNV"), by and through its undersigned counsel, and hereby propounds its First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission to debtor Lawanda M. Freeman, to be answered under oath within thirty (30) days and said documents produced at the office of Burr & Forman LLP, 420 North 20th Street, Suite 3400, Birmingham, Alabama 35203 within thirty (30) days from the date of this document. These Interrogatories, Requests for Production of Documents, and Requests for Admission (collectively, the "Discovery Requests") shall be deemed continuing in nature and shall be supplemented upon the receipt of new or additional information.

## DEFINITIONS

A.      Debtor, You, Yours - As used herein, "Debtor" and/or "You" and/or "Yours" shall mean Lawanda M. Freeman, as well as any and all accountants, attorneys, consultants, agents, representatives, and any and all other persons or entities acting on behalf of or at the direction of Lawanda M. Freeman.

B.     LVNV - As used herein, "LVNV" shall mean LVNV Funding LLC., as well as its officers, directors, employees, parents, subsidiaries, predecessor(s) in interest, authorities, agents, servants, accountants, attorneys, consultants, representatives, and any other persons or entities acting at its request or on its behalf.

C.     Document - As used herein, "document" shall mean any tangible thing upon which information is or has been stored, recorded or communicated in your custody, control or possession, or of which you have knowledge, including without limitation, letters, correspondence, e-mails, invoices, contracts, agreements, purchase orders, leases, deeds, covenants, restrictions, permits, bank statements, court orders, receipts, letters of intent, requests for information and responses to requests for information, samples, memoranda, tapes, stenographic and handwritten notes, microfilm, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, pictures, film, graphs, statistical compilations, plans, magnetic discs, records and tapes and other media, computer cards, tapes, printouts, reports and other machine-readable records and data, sound recordings, and every draft or copy of a document which is not identical to the original or which draft or copy of a document which is not identical to the original or which draft or copy contains any commentary or notation whatsoever that does not appear on the original.

D.     Person - As used herein, "person" shall mean a natural person or an artificial person, including partnerships, corporations, proprietorships, unincorporated associations, governmental bodies or any other legally cognizable entities.

E.     Date - As used herein, "date" shall mean the exact day, month, and year, if known, or, if the exact date is not known, the best available approximation.

F.     Communication - As used herein, "communication" shall include any oral utterance made, heard or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally conveyed meaning.

G.     Identify - As used herein, "identify" when used in reference to:

(1)     A person who is an individual, shall mean to state his or her full name, present or last known residence or address (designating which), and present or last known position or business affiliation (designating which), job title, employment address, business and residential telephone numbers;

(2)     A person who is a firm, partnership, corporation, proprietorship, association, financial institution, or other organization or entity, shall mean to state its full name and present or last known address and telephone number (designating which), the legal form of such entity or organization and the identity of its chief executive officer;

(3)     An oral communication, the date, subject matter, communicator, communicatee, nature of the communication, place or places where the communication occurred, whether it was recorded or otherwise memorialized, and the identity of any witness thereto;

Case 22-00042-DSC    Doc 44    Filed 04/21/23    Entered 04/21/23 15:54:36    Desc Main
Document    Page 38 of 59

(4)    A document, shall mean to state the title (if any), the date, author, sender, recipient, the identity of persons signing it, type of document (i.e., a letter, memorandum, book, telegram, invoice, etc.) or some other means of identifying it (e.g., invoice number), the names of the persons known to have seen the document or to have received copies, its present location or custodian, and a description of its contents (in lieu of stating the foregoing information, you may attach a legible copy of a document to their responses hereto, specifying the particular interrogatory to which the copy is in response and identifying the present custodian of the original).

If any document which you would have identified in response to any interrogatory was but is no longer in your present possession or subject to your control or is no longer in existence, in addition to all of the above information of which you have knowledge, "identify" shall also mean to state whether any such document is or has been missing, lost, destroyed, transferred to others or otherwise disposed of, and in any such instance to set forth the surrounding circumstances in any authorization for such disposition, to state the approximate date of such disposition, and, if known, the present location and custodian of such document.

H.    State all facts - As used herein, "state all facts" means to state all facts discoverable under the Federal Rules of Civil Procedure, as made applicable by the Federal Rules of Bankruptcy Procedure, known to you or your attorneys, and to identify all persons having knowledge of such facts, identify all documents concerning or relating to such facts, and identify all communications, concerning or relating to such facts. When used in reference to an allegation of the pleadings, "state all facts" shall include all facts negating, as well as supporting the allegations.

I.    Or - As used herein, "or" shall mean and/or.

J.    Relating to - As used herein, "relating to" means and includes referring to, regarding, commenting on, connected with, bearing on, leading to, dealing with, evidencing, discussing, covering, representing or mentioning, in any way whatsoever, directly or indirectly.

K.    Complaint - As used herein, the "Complaint" shall refer to the *Complaint* [Docket No. 1] filed in Adv. Pro. No. 22-00042-DSC in the United States Bankruptcy Court for the Northern District of Alabama.

L.    Bankruptcy Case - As used herein, "Bankruptcy Case" shall refer to Case No. 22-00619 in the United States Bankruptcy Court for the Northern District of Alabama.

M.    Bankruptcy Court - As used herein, "Bankruptcy Court" shall refer to the United States Bankruptcy Court for the Northern District of Alabama.

N.    Chapter 13 Trustee - As used herein, "Chapter 13 Trustee" shall mean Bradford W. Caraway or any other trustee duly-appointed in the Bankruptcy Case.

Case 22-00042-DSC    Doc 44    Filed 04/21/23    Entered 04/21/23 15:54:36    Desc Main
Document      Page 39 of 59

## INSTRUCTIONS

A.    In the event that any information, documents or things requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing:

(1)    The type of document or thing, its general subject matter and the place and approximate date it was prepared or created;

(2)    The name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

(3)    A statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing; and

(4)    The number of each interrogatory or request for production to which the document or thing otherwise would be responsive.

B.    To the extent any information called for by these Interrogatories is unknown to you, so state, and set forth such remaining information as is known. If any estimate can reasonably be made in place of unknown information, also set forth your best estimate, clearly designated as such, in place of unknown information, and describe the basis upon which the estimate is made.

C.    If any document which you would have produced in response to any request was but is no longer in your present possession or subject to your control or is no longer in existence, please state whether any such document is:

(1)    Missing or lost;

(2)    Destroyed;

(3)    Transferred to others; or

(4)    Otherwise disposed of;

and, in any such instance, set forth the surrounding circumstances of any authorization for such disposition and state the approximate date of any such disposition, and, if known, state also the present location and custodian of such document.

# INTERROGATORIES

**INTERROGATORY NO. 1:** Please state the name, address, and representative capacity, if any, of the person(s) answering these Discovery Requests, and provide the same information for any and all persons who assisted in gathering information for same.

**INTERROGATORY NO. 2:** State the name, business, and residence address, and telephone number of all persons known or believed by you, your agents, or your attorneys to have information of any kind concerning the matters and/or allegations set forth in your Complaint. For each person identified, describe in detail all facts of which each such person has or may have knowledge.

**INTERROGATORY NO. 3:** Identify each and every person from whom you or anyone acting on your behalf (including, without limitation, your attorneys, any investigator working for your attorneys, or you, or any other person) have obtained a statement or affidavit of any type (e.g., written, recorded, or otherwise) concerning any fact, matter, or event having any connection or relevance whatsoever to the claims or defenses at issue in this matter.

**INTERROGATORY NO. 4:** Identify and itemize any and all damages that you contend you have incurred from the alleged acts or omissions of LVNV, including in your answer the following: the nature of the damages (i.e., actual, emotional, or financial); the amount of damages you allege to be entitled to and the causes of those damages; the date the alleged actions occurred; the reason the damages occurred; the way the amount was calculated and any and all persons who

aided and participated in making the calculation; and all documents which support this itemization and calculation of damages.

**INTERROGATORY NO. 5:** Identify and set forth with specificity any and all investigations you performed prior to the filing of the Complaint to ensure that the allegations contained therein were accurate, including the results of any investigations.

**INTERROGATORY NO. 6:** Identify each person whom you expect to use as an expert witness in connection with the trial of this matter, and as to each such person:

(a)     State the subject upon which each person is expected to provide assistance to the Court;

(b)     State the substance of the facts and opinions as to which each such person is expected to provide assistance;

(c)     Provide a summary of the grounds for each such opinion;

(d)     Identify each judicial or administrative proceeding in which each such person has testified or is currently expected to testify;

(e)     Identify each natural person with whom such person communicated in connection with this proceeding;

(f)     Identify each document created by each such person in connection with this proceeding;

(g)     Identify all materials, including without limitation, tables, charts, statistical analyses, calculations, and published materials of any nature, that such person reviewed in connection with this proceeding; and

(h)     State a list of all publications that such person has written including the title of the work, the name of the periodical or work in which it was printed, and the date of publication.

**INTERROGATORY NO. 7:** Excluding any expert witnesses, identify each person you expect to call as a witness at the trial of this matter.

**INTERROGATORY NO. 8:** In your bankruptcy schedules filed with the Bankruptcy Court on or about March 17, 2022, you marked the following debts "Unliquidated": Claim 2.3 to Kay Jewelers; Claim 4.11 to Credit One Bank; Claim 4.12 to Credit One Bank; Claim 4.24 to Synchrony/Google; Claim 4.26 to Synchrony/Zulily; Claim 4.27 to Synchrony Bank/Amazon; Claim 4.28 to Synchrony Bank / JC Penny; Claim 4.29 to Synchrony/Lowes; and Claim 4.30 to Synchrony Bank/Sams. Please provide all factual allegations, disputes or assumptions that you are relying on to establish that each of these debts are Unliquidated.

**INTERROGATORY NO. 9:** For any debts scheduled by you where the origination was between May 10, 2018 through June 7, 2022, please describe in detail any and all steps you took to obtain permission to incur such debts from either the Bankruptcy Court and/or the Chapter 13 Trustee's office.

**INTERROGATORY NO. 10:** If any of your responses to the Requests for Admission listed below are anything other than an unqualified "Admitted," please list every fact that supports your denial or qualification to the specific Request for Admission.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All documents referred to or relied upon by you in answering LVNV's Interrogatories.

**REQUEST NO. 2:** As you are seeking attorneys' fees from LVNV, a copy of all documents evidencing attorneys' fees incurred in this matter, including, but not limited to, a copy of your engagement letter with your counsel and any other documents or agreements regarding attorneys' fees related to this matter.

Case 22-00042-DSC    Doc 44    Filed 04/21/23    Entered 04/21/23 15:54:36    Desc Main
Document        Page 43 of 59

**REQUEST NO. 3:** All documents relating to any statements, affidavits or recordings of any conversations of any persons with knowledge of the facts of this matter.

**REQUEST NO. 4:** Any and all documents or items or tangible things which you intend to use for demonstrative purposes at the trial of this matter.

**REQUEST NO. 5:** All audio recordings relating to any communications regarding LVNV generally; any of the claims you have objected to in the Bankruptcy Case and/or in your Complaint; and/or your Bankruptcy Case.

**REQUEST NO. 6:** Copies of any and all statements, tape recordings, video tapes, depositions, or other transcripts of any person concerning the incidents which are the subject of this matter and any alleged damages resulting from those incidents.

**REQUEST NO. 7:** All documents sent or given to you by any person not a party to this matter pertaining to any of the facts made the basis of the Complaint.

**REQUEST NO. 8:** All documents relating to LVNV or any other person or entity you contend is involved in or has knowledge of the facts which are at issue in this matter.

**REQUEST NO. 9:** All documents sent by you to LVNV or any other party in connection with the claims asserted in your Complaint.

**REQUEST NO. 10:** All documents authored or prepared by you, including, but not limited to, personal notes, calendars, diaries, or memoranda, whenever prepared, relating to any allegation in your Complaint.

**REQUEST NO. 11:** Copies of any documents or tangible things which you contend are relevant to the matter in question.

**REQUEST NO. 12:** All documents relating to or supporting any of the damages you claim in this matter.

**REQUEST NO. 13:** All documents relating to any other actual or threatened criminal or civil action(s) involving you, if any.

**REQUEST NO. 14:** All documents regarding any and all investigations you performed prior to the filing of your Complaint to ensure that all allegations contained therein were accurate, including the results of any investigations.

**REQUEST NO. 18:** All documents which evidence any non-privileged communication, whether oral or written, between you and any person regarding the allegations in the Complaint.

**REQUEST NO. 19:** Any and all documents related to or evidencing the debt amounts owed by you as evidenced in Claims No. 2.3, 4.11, 4.12, 4.24, 4.26, 4.27, 4.28, 4.29, and 4.30 in your schedules.

**REQUEST NO. 20:** Any and all documents related to or evidencing the debt amounts owed by you as evidenced in Proofs of Claim No. 2-1, 18-1, 21-1, 20-1, 14-1, 16-1, 15-1, 11-1, 13-1, and 12-1, filed in the claims registry in your Bankruptcy Case.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Admit that you previously filed bankruptcy on May 10, 2018 at Case No. 18-01970 (the "Prior Bankruptcy") in the Bankruptcy Court.

**REQUEST NO. 2:** Admit that the Prior Bankruptcy was dismissed on March 9, 2022 for failure to make plan payments.

**REQUEST NO. 3:** Admit that Claim 2-1 does not include any fees or interest.

**REQUEST NO. 4:** Admit that Claim 2-1 was filed in your Prior Bankruptcy and was being paid thorugh the plan confirmed in your Prior Bankruptcy.

**REQUEST NO. 5:** Admit that the credit associated with Claim 2.3 in your Schedules to Genesis FS Card/Kay Jewelers was opened on August 12, 2019.

**REQUEST NO. 6:** Admit that the Prior Bankruptcy was pending at the time you opened up a credit line with Genesis FS Card/Kay Jewelers as detailed on Claim 2.3 in your schedules.

**REQUEST NO. 7:** Admit that the last four digits associated with Claim 2.3 in your schedules are 4111.

**REQUEST NO. 8:** Admit that Proof of Claim 18-1 identifies a debt originally due to Kay Jewelers and also includes the last four digits of the account as 4111.

**REQUEST NO. 9:** Admit that no other individual or entity, other than LVNV, has filed a Proof of Claim associated with Claim 2.3 in your schedules or that has an account number ending in 4111.

**REQUEST NO. 10:** Admit that you never sought permission in the Prior Bankruptcy from either the Chapter 13 Trustee or the Bankruptcy Court prior to incurring the debt evidenced by Claim 2.3 in your schedules.

**REQUEST NO. 11:** Admit that the credit associated with Claim 4.11 in your schedules was opened in May 2020.

**REQUEST NO. 12:** Admit that the Prior Bankruptcy was pending at the time you opened up a credit line with Credit One Bank as detailed on Claim 4.11 in your schedules.

**REQUEST NO. 13:** Admit that the last four digits associated with Claim 4.11 in your schedules are 1590.

**REQUEST NO. 14:** Admit that Proof of Claim 21-1 identifies a debt originally due to Credit One Bank and also includes the last four digits of the account as 1590.

**REQUEST NO. 15:** Admit that no other individual or entity, other than LVNV, has filed a Proof of Claim associated with Claim 4.11 in your schedules or that has an account number ending in 1590.

**REQUEST NO. 16:** Admit that you never sought permission in the Prior Bankruptcy from either the Chapter 13 Trustee or the Bankruptcy Court prior to incurring the debt evidenced by Claim 4.11 in your schedules.

**REQUEST NO. 17:** Admit that the credit associated with Claim 4.12 in your schedules was opened in August 2018.

**REQUEST NO. 18:** Admit that the Prior Bankruptcy was pending at the time you opened up a credit line with Credit One Bank as detailed on Claim 4.12 in your schedules.

**REQUEST NO. 19:** Admit that the last four digits associated with Claim 4.12 are 0623.

**REQUEST NO. 20:** Admit that Proof of Claim 20-1 identifies a debt originally due to Credit One Bank and also includes the last four digits of the account as 0623.

**REQUEST NO. 21:** Admit that no other individual or entity, other than LVNV, has filed a Proof of Claim associated with Claim 4.12 in your schedules or that has an account number ending in 0623.

**REQUEST NO. 22:** Admit that you never sought permission in the Prior Bankruptcy from either the Chapter 13 Trustee or the Bankruptcy Court prior to incurring the debt evidenced by Claim 4.12 in your schedules.

**REQUEST NO. 23:** Admit that the credit associated with Claim 4.24 in your schedules was opened in December 2020.

Case 22-00042-DSC    Doc 44    Filed 04/21/23    Entered 04/21/23 15:54:36    Desc Main
Document      Page 47 of 59

**REQUEST NO. 24:** Admit that the Prior Bankruptcy was pending at the time you opened up a credit line with Synchrony Bank/Google Store Financing as detailed on Claim 4.24 in your schedules.

**REQUEST NO. 25:** Admit that the last four digits associated with Claim 4.24 in your schedules are 1960.

**REQUEST NO. 26:** Admit that Proof of Claim 14-1 identifies a debt originally due to Synchrony Bank/Google Store Financing and also includes the last four digits of the account as 1960.

**REQUEST NO. 27:** Admit that no other individual or entity, other than LVNV, has filed a Proof of Claim associated with Claim 4.24 in your schedules or that has an account number ending in 1960.

**REQUEST NO. 28:** Admit that you never sought permission in the Prior Bankruptcy from either the Chapter 13 Trustee or the Bankruptcy Court prior to incurring the debt evidenced by Claim 4.24 in your schedules.

**REQUEST NO. 29:** Admit that the credit associated with Claim 4.26 in your schedules was opened in June of 2021.

**REQUEST NO. 30:** Admit that the Prior Bankruptcy was pending at the time you opened up a credit line with Synchrony Bank/zulily Credit Card as detailed on Claim 4.26 in your schedules.

**REQUEST NO. 31:** Admit that the last four digits associated with Claim 4.26 in your schedules are 6674.

**REQUEST NO. 32:** Admit that Proof of Claim 16-1 identifies a debt originally due to Synchrony Bank/zulily Credit Card and also includes the last four digits of the account as 6674.

**REQUEST NO. 33:** Admit that no other individual or entity, other than LVNV, has filed a Proof of Claim associated with Claim 4.26 in your schedules or that has an account number ending in 6674.

**REQUEST NO. 34:** Admit that you never sought permission in the Prior Bankruptcy from either the Chapter 13 Trustee or the Bankruptcy Court prior to incurring the debt evidenced by Claim 4.26 in your schedules.

**REQUEST NO. 35:** Admit that the credit associated with Claim 4.27 in your schedules was opened in November of 2020.

**REQUEST NO. 36:** Admit that the Prior Bankruptcy was pending at the time you opened up a credit line with Synchrony Bank/Amazon as detailed on Claim 4.27 in your schedules.

**REQUEST NO. 37:** Admit that the last four digits associated with Claim 4.27 in your schedules are 1069.

**REQUEST NO. 38:** Admit that Proof of Claim 15-1 identifies a debt originally due to Synchrony Bank/Amazon and also includes the last four digits of the account as 1069.

**REQUEST NO. 39:** Admit that no other individual or entity, other than LVNV, has filed a Proof of Claim associated with Claim 4.27 in your schedules or that has an account number ending in 1069.

**REQUEST NO. 40:** Admit that you never sought permission in the Prior Bankruptcy from either the Chapter 13 Trustee or the Bankruptcy Court prior to incurring the debt evidenced by Claim 4.27 in your schedules.

**REQUEST NO. 41:** Admit that the credit associated with Claim 4.28 in your schedules was opened in June of 2021.

**REQUEST NO. 42:** Admit that the Prior Bankruptcy was pending at the time you opened up a credit line with Synchrony Bank/JC Penney as detailed on Claim 4.28 in your schedules.

**REQUEST NO. 43:** Admit that the last four digits associated with Claim 4.28 in your schedules are 3621.

**REQUEST NO. 44:** Admit that Proof of Claim 11-1 identifies a debt originally due to Synchrony Bank/JC Penney and also includes the last four digits of the account as 3621.

**REQUEST NO. 45:** Admit that no other individual or entity, other than LVNV, has filed a Proof of Claim associated with Claim 4.28 in your schedules or that has an account number ending in 3621.

**REQUEST NO. 46:** Admit that you never sought permission in the Prior Bankruptcy from either the Chapter 13 Trustee or the Bankruptcy Court prior to incurring the debt evidenced by Claim 4.28 in your schedules.

**REQUEST NO. 47:** Admit that the credit associated with Claim 4.29 in your schedules was opened in June of 2021.

**REQUEST NO. 48:** Admit that the Prior Bankruptcy was pending at the time you opened up a credit line with Synchrony Bank/Lowes as detailed on Claim 4.29 in your schedules.

**REQUEST NO. 49:** Admit that the last four digits associated with Claim 4.29 in your schedules are 4380.

**REQUEST NO. 50:** Admit that Proof of Claim 13-1 identifies a debt originally due to Synchrony Bank/JC Penney and also includes the last four digits of the account as 4380.

**REQUEST NO. 51:** Admit that no other individual or entity, other than LVNV, has filed a Proof of Claim associated with Claim 4.29 in your schedules or that has an account number ending in 4380.

**REQUEST NO. 52:** Admit that you never sought permission in the Prior Bankruptcy from either the Chapter 13 Trustee or the Bankruptcy Court prior to incurring the debt evidenced by Claim 4.29 in your schedules.

**REQUEST NO. 53:** Admit that the credit associated with Claim 4.30 in your schedules was opened in September of 2020.

**REQUEST NO. 54:** Admit that the Prior Bankruptcy was pending at the time you opened up a credit line with Synchrony Bank/Sams as detailed on Claim 4.30 in your schedules.

**REQUEST NO. 55:** Admit that the last four digits associated with Claim 4.30 in your schedules are 8485.

**REQUEST NO. 56:** Admit that Proof of Claim 12-1 identifies a debt originally due to Synchrony Bank/Sams and also includes the last four digits of the account as 8485.

**REQUEST NO. 57:** Admit that no other individual or entity, other than LVNV, has filed a Proof of Claim associated with Claim 4.30 in your schedules or that has an account number ending in 8485.

**REQUEST NO. 58:** Admit that you never sought permission in the Prior Bankruptcy from either the Chapter 13 Trustee or the Bankruptcy Court prior to incurring the debt evidenced by Claim 4.30 in your schedules.

**REQUEST NO. 59:** Admit that Claims 4.3, 4.4, 4.6, 4.8, 4.9, 4.10, 4.13, 4.14, 4.15, 4.16, 4.17, 4.18, 4.19, 4.22, 4.23, 4.25, 4.31, 4.32, 4.33, and 4.34 listed in your schedules all represent credit that was opened while the Prior Bankruptcy was pending.

**REQUEST NO. 60:** Admit that you never requested or obtained permission from either the Chapter 13 Trustee or the Bankruptcy Court to incur the debts listed in Request No. 58 above.

Case 22-00042-DSC    Doc 44    Filed 04/21/23    Entered 04/21/23 15:54:36    Desc Main
Document      Page 51 of 59

**REQUEST NO. 61:** Admit that you scheduled all of your debts as "Unliquidated," except Claim 4.4 in your schedules in the amount of $315.

**REQUEST NO. 62:** Admit that you scheduled your mortgage debt as "Unliquidated" in your schedules.

_____
James H. Haithcock III
Hanna Lahr

*Attorneys for LVNV Funding LLC*

**OF COUNSEL:**
BURR & FORMAN LLP
420 20th Street North, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: jhaithcock@burr.com
        hlahr@burr.com

Case 22-00042-DSC    Doc 44    Filed 04/21/23    Entered 04/21/23 15:54:36    Desc Main
Document      Page 52 of 59

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by FedEx and email on this the 13th day of January, 2023:

Michael J. Antonio, Jr.
GREYSTONE LEGAL CLINIC
1004 – 50th Street North
Birmingham, AL 35212
Email: Greystone_Legal@Yahoo.Com

OF COUNSEL

# **<u>EXHIBIT F</u>**

**Defendants' Discovery Deficiency Letter to Debtor**

50695824 v1

**BURR·:·FORMAN** LLP

*results matter*

James H. Haithcock III
jhaithcock@burr.com
Direct Dial: (205) 458-5277
Direct Fax: (205) 244-5674

Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203

*Office* (205) 251-3000
*Fax* (205) 458-5100

BURR.COM

March 10, 2023

**VIA EMAIL, ORIGINAL TO FOLLOW BY U.S. MAIL**

Michael J. Antonio, Jr.
1004 50th Street North
Birmingham, AL 35212

Re:   **Requests for Full and Complete Responses to the Defendants' Requests for Admission, Interrogatories, and Requests for the Production of Documents (the "Discovery") in Adversary Proceeding No. 22-00042-DSC (the "AP") Pending in the United States Bankruptcy Court for the Northern District of Alabama, Southern Division (the "Court").**

Michael:

We are in receipt of the discovery responses of Lawanda Freeman (the "Plaintiff") executed on or about February 18, 2022. After reviewing the information provided, we have discovered numerous deficiencies in Plaintiff's responses. Accordingly, please allow this letter to formally request that Plaintiff supplement her discovery responses within **fourteen (14) calendar days of the date of this letter**. Additionally, please allow this letter to serve as the Defendants' attempt to resolve this discovery dispute without Court intervention. In the event full and complete responses are not received within the time limits set out herein or otherwise agreed to in writing by the parties, the Defendants reserve any and all rights to file any necessary pleadings to obtain the information requested and recover any fees or expenses associated therewith and provided by applicable law.

**REQUESTS FOR ADMISSION**

At the outset, Plaintiff sent her response to the Requests for Admission to the Defendants after the deadline expired. Defendants mailed and emailed the Requests for Admission to Plaintiff on January 13, 2023. Under Federal Rule of Civil Procedure 6(d), the last possible day to respond was February 15, 2023. *See* Fed. R. Civ. P. 6. Plaintiff did not send her responses until February 18, 2023. Under Federal Rule of Civil Procedure 36, a matter is deemed admitted unless a written answer or objection is served within the applicable time frame. *See* Fed. R. Civ. P. 36. Therefore, all Requests for Admission are deemed admitted because Plaintiff failed to respond to Defendants' discovery requests in a timely manner.

AL • DE • FL • GA • MS • NC • SC • TN

Even if Plaintiff's response to the Requests for Admission were timely, Plaintiff's response is deficient. The party upon whom a request for admission is served must either admit the matter, specifically deny it, state in detail why the party cannot admit or deny the request for admission, or object to the request. Fed. R. Civ. P. 36(a)(3)-(4). Plaintiff provided a blanket reasoning as to why she could not admit or deny Request for Admission 1-62 with a sentence stating—"as in each the referenced documents speaks for itself." Plaintiff's response fails to properly assert that she "made a reasonable inquiry" before responding or that the information readily available is insufficient to enable her to admit or deny the Requests for Admission. *See McMurray v. Formel D.*, No. 2:19-CV-00548-AMM, 2020 WL 13460954 (N.D. Ala. Sept. 4, 2020).

If Plaintiff intended to deny any of the Requests for Admission, please allow this letter to serve as notice that we intend to seek fees and expenses incurred with proving these facts. *See* Fed. R. Civ. P. 37(c)(2) ("If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof."); *see United States v. Smith*, 303 F.R.D. 630, 638 (S.D. Ala. 2014).

## **INTERROGATORIES**

**Interrogatory #3**: "Identify each and every person from whom you or anyone acting on your behalf (including, without limitation, your attorneys, any investigator working for your attorneys, or you, or any other person) have obtained a statement or affidavit of any type (e.g., written, recorded, or otherwise) concerning any fact, matter, or event having any connection or relevance whatsoever to the claims or defenses at issue in this matter. Plaintiff responded, "the above filed pleadings on this matter." Please clarify this response within fourteen (14) days of this letter. If no such people exist, please supplement your response with "None" so that your response is clearer.

**Interrogatory #8**: "In your bankruptcy schedules filed with the Bankruptcy Court on or about March 17, 2022, you marked the following debts "Unliquidated": Claim 2.3 to Kay Jewelers; Claim 4.11 to Credit One Bank; Claim 4.12 to Credit One Bank; Claim 4.24 to Synchrony/Google; Claim 4.26 to Synchrony/Zulily; Claim 4.27 to Synchrony Bank/Amazon; Claim 4.28 to Synchrony Bank / JC Penny; Claim 4.29 to Synchrony/Lowes; and Claim 4.30 to Synchrony Bank/Sams. Please provide all factual allegations, disputes or assumptions that you are relying on to establish that each of these debts are Unliquidated." Plaintiff responded "an unliquidated debt in Bankruptcy is one in which the total amount owed is unknown." Please clarify this response within fourteen (14) days of this letter to reflect all factual allegations, disputes or assumptions that Plaintiff relied on in scheduling the debts as unliquidated.

**Interrogatory #9**: "For any debts scheduled by you where the origination was between May 10, 2018 through June 7, 2022, please describe in detail any and all steps you took to obtain permission to incur such debts from either the Bankruptcy Court and/or the Chapter 13." Plaintiff responded

"the pleadings in all my bankruptcy cases speak for themselves." Please clarify this response within fourteen (14) days of this letter.

## REQUESTS FOR PRODUCTION

At the outset, Plaintiff's responses to the Requests for Production are deficient because Plaintiff produced no documents to Defendants.

**Request #2** requests, "As you are seeking attorneys' fees from LVNV, a copy of all documents evidencing attorneys' fees incurred in this matter, including, but not limited to, a copy of your engagement letter with your counsel and any other documents or agreements regarding attorneys' fees related to this matter." Plaintiff responded, "See Bankruptcy Rule 3001." This response is deficient because Bankruptcy Rule 3001 pertains to a proof of claim and does not include the documentation requested by Defendants. Please supplement your production within fourteen (14) days of this letter. If certain documents do not exist, please supplement your response with "None" so that your response is clearer.

**Request #3** requests, "All documents relating to any statements, affidavits or recordings of any conversations of any persons with knowledge of the facts of this matter." Plaintiff responded with an objection to the request as "Attorney Work Product." This response is deficient because the attorney work product only protects documents that can fairly be said to have been prepared or obtained by counsel because of the prospect of litigation, and does not protect the Plaintiff. Please clarify whether the only documents Plaintiff has are documents prepared or obtained by counsel because of the prospect of litigation. Please supplement your production within fourteen (14) days of this letter. If certain documents do not exist, please supplement your response with "None" so that your response is clearer.

**Request #5** requests, "All audio recordings relating to any communications regarding LVNV generally; any of the claims you have objected to in the Bankruptcy Case and/or in your Complaint; and/or your Bankruptcy Case." Plaintiff responded with an objection to the request as "Attorney Work Product." This response is deficient because the attorney work product only protects documents that can fairly be said to have been prepared or obtained by counsel because of the prospect of litigation, and does not protect the Plaintiff. Please clarify whether the only documents Plaintiff has are documents prepared or obtained by counsel because of the prospect of litigation. Please supplement your production within fourteen (14) days of this letter. If certain documents do not exist, please supplement your response with "None" so that your response is clearer.

**Request #6** requests, "Copies of any and all statements, tape recordings, video tapes, depositions, or other transcripts of any person concerning the incidents which are the subject of this matter and any alleged damages resulting from those incidents." Plaintiff responded with an objection to the request as "Attorney Work Product." This response is deficient because the attorney work product

Michael J. Antonio, Jr.
March 10, 2023
Page 4

only protects documents that can fairly be said to have been prepared or obtained by counsel because of the prospect of litigation, and does not protect the Plaintiff. Please clarify whether the only documents Plaintiff has are documents prepared or obtained by counsel because of the prospect of litigation. Please supplement your production within fourteen (14) days of this letter. If certain documents do not exist, please supplement your response with "None" so that your response is clearer.

**Request #7** requests, "All documents sent or given to you by any person not a party to this matter pertaining to any of the facts made the basis of the Complaint." Plaintiff responded with an objection to the request as "Attorney Work Product." This response is deficient because the attorney work product only protects documents that can fairly be said to have been prepared or obtained by counsel because of the prospect of litigation, and does not protect the Plaintiff. Please clarify whether the only documents Plaintiff has are documents prepared or obtained by counsel because of the prospect of litigation. Please supplement your production within fourteen (14) days of this letter. If certain documents do not exist, please supplement your response with "None" so that your response is clearer.

**Request #8** requests, "All documents relating to LVNV or any other person or entity you contend is involved in or has knowledge of the facts which are at issue in this matter." Plaintiff responded with an objection to the request as "Attorney Work Product." This response is deficient because the attorney work product only protects documents that can fairly be said to have been prepared or obtained by counsel because of the prospect of litigation, and does not protect the Plaintiff. Please clarify whether the only documents Plaintiff has are documents prepared or obtained by counsel because of the prospect of litigation. Please supplement your production within fourteen (14) days of this letter. If certain documents do not exist, please supplement your response with "None" so that your response is clearer.

**Request #10** requests, "All documents authored or prepared by you, including, but not limited to, personal notes, calendars, diaries, or memoranda, whenever prepared, relating to any allegation in your Complaint." Plaintiff responded with an objection to the request as "Attorney Work Product." This response is deficient because the attorney work product only protects documents that can fairly be said to have been prepared or obtained by counsel because of the prospect of litigation, and does not protect the Plaintiff. Please clarify whether the only documents Plaintiff has are documents prepared or obtained by counsel because of the prospect of litigation. Please supplement your production within fourteen (14) days of this letter. If certain documents do not exist, please supplement your response with "None" so that your response is clearer.

**Request #14** requests, "All documents regarding any and all investigations you performed prior to the filing of your Complaint to ensure that all allegations contained therein were accurate, including the results of any investigations." Plaintiff responded with an objection to the request as "Attorney Work Product." This response is deficient because the attorney work product only

protects documents that can fairly be said to have been prepared or obtained by counsel because of the prospect of litigation, and does not protect the Plaintiff. Please clarify whether the only documents Plaintiff has are documents prepared or obtained by counsel because of the prospect of litigation. Please supplement your production within fourteen (14) days of this letter. If certain documents do not exist, please supplement your response with "None" so that your response is clearer.

**Request #19** requests, "Any and all documents related to or evidencing the debt amounts owed by you as evidenced in Claims No. 2.3, 4.11, 4.12, 4.24, 4.26, 4.27, 4.28, 4.29, and 4.30 in your schedules." Plaintiff responded that she does not understand this request "as the claims were of an unliquidated nature and the amounts were determined by the Creditor." This response is deficient because 11 U.S.C.A. § 521 requires a debtor to file a schedule of assets and liabilities. Defendants are asking Plaintiff what she relied on when determining the number amount to include in the schedule of her bankruptcy case. Please supplement your production within fourteen (14) days of this letter. If certain documents do not exist, please supplement your response with "None" so that your response is clearer.

**Request #20** requests, "Any and all documents related to or evidencing the debt amounts owed by you as evidenced in Proofs of Claim No. 2-1, 18-1, 21-1, 20-1, 14-1, 16-1, 15-1, 11-1, 13-1, and 12-1, filed in the claims registry in your Bankruptcy Case." Plaintiff responded "same as 19 above." This response is deficient because 11 U.S.C.A. § 521 requires a debtor to file a schedule of assets and liabilities. Defendants are asking Plaintiff what she relied on when determining the number amount to include in the schedule of her bankruptcy case. Please supplement your production within fourteen (14) days of this letter. If certain documents do not exist, please supplement your response with "None" so that your response is clearer.

As always, please do not hesitate to contact me regarding this matter or anything discussed herein.

Very truly yours,

James H. Haithcock III
Partner

JHH/cct